UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

$44,698.00 IN U.S. CURRENCY,

_____/

Case No. 2:22-mc-51134

HONORABLE STEPHEN J. MURPHY, III

**STIPULATED ORDER EXTENDING
UNITED STATES' TIME TO FILE FORFEITURE
COMPLAINT AND TO TOLL THE CIVIL FILING DEADLINE**

It is hereby stipulated by and between the United States of America, by and through its undersigned attorneys, and Candace Hodges, by and through her attorney, Marshall Goldberg, as follows:

1. On January 13, 2022, the Drug Enforcement Administration ("DEA") seized the following property:

    - $44,698.00 U.S. Currency ( referred to herein as the "Property"):

2. The Parties acknowledge and stipulate that the DEA provided notice as required by 18 U.S.C. § 983(a)(1)(A) of the seizure and its intent to administratively forfeit the Property to all known interested parties, including to Candace Hodges.

3. Candace Hodges filed a claim in the administrative forfeiture proceeding with the DEA regarding the Property. No other person has filed a claim to the Property in the administrative forfeiture proceeding.

4. The DEA referred the administrative claim to the United States Attorney's Office for civil judicial forfeiture proceedings.

1

5. Pursuant to 18 U.S.C. § 983(a)(3)(A) and (B), within 90 days after a claim has been filed in an administrative forfeiture proceeding, the United States is required to do one of the following:

   a. file a complaint for forfeiture against the claimed property,

   b. return the claimed property, or

   c. include the claimed property for forfeiture in a criminal action,

in order for the United States to take further action to effect the civil forfeiture of the claimed property in connection with the underlying offense, unless the court extends the deadline for good cause shown or by agreement of the parties. In this case, the 90-day deadline would be **July 6, 2022**.

6. As provided in 18 U.S.C. § 983(a)(3)(A), the parties wish by agreement to extend the 90-day deadline set forth in 18 U.S.C. § 983(a)(3)(A) and (B), and to toll the deadline, in order for the parties to have a reasonable and sufficient period in which to evaluate their respective interests in and positions regarding the Property.

7. Candace Hodges knowingly, intelligently, and voluntarily gives up any rights she may have under 18 U.S.C. § 983(a)(3)(A) and (B) to require the United States to file a complaint for forfeiture against the Property, to return the Property, and/or to include the Property for forfeiture in a criminal action by **July 6, 2022**.

8. The parties agree that the deadline by which the United States shall be required to file a complaint for forfeiture against the Property, to return

the Property, and/or to include the Property for forfeiture in a criminal action to toll the civil filing deadline shall be extended **90 days** from **July 6, 2022** to and including **October 4, 2022**.

9. Candace Hodges waives all constitutional and statutory challenges related to the foregoing extension and gives up any rights she may have to seek dismissal of any civil forfeiture complaint and/or any criminal forfeiture allegation in a criminal action on the ground that forfeiture proceedings were not timely commenced. Candace Hodges further waives and agrees to the tolling of any rule or provision of law limiting the time for commencing, or providing notice of, forfeiture proceedings with respect to the Property, including, but not limited to, the limitations contained in 18 U.S.C. § 983 and 19 U.S.C. § 1621.

10. Candace Hodges agrees that until the United States files a complaint for forfeiture against the Property and/or alleges forfeiture of the Property in a criminal action, or until **October 4, 2022**, whichever occurs first, the Property shall remain in the custody of the United States and Candace Hodges shall not seek its return for any reason in any manner.

11. By signing below, Marshall Goldberg declares that prior to signing this Stipulation, he provided a copy of it to Candace Hodges, reviewed it with Candace Hodges, consulted with Candace Hodges regarding its contents, answered any questions Candace Hodges had about it, determined that Candace Hodges understands its terms and is aware of her rights in this

matter, and Candace Hodges authorized Marshall Goldberg to sign this Stipulation.

12. By their signatures below, the Parties agree to all of the terms and conditions stated herein.

**SO ORDERED.**

<div style="text-align: right;">s/ Stephen J. Murphy, III<br>STEPHEN J. MURPHY, III<br>United States District Judge</div>

Dated: July 6, 2022

Approved as to form and substance:

Dawn N. Ison
United States Attorney

<div style="display: flex;">

S/ Adriana Dydell
Adriana Dydell (CA 239516)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226- 9125
Adriana.Dydell@usdoj.gov

Dated: July 5, 2022

S/Marshall Goldberg (See attached)
Marshall Goldberg (P35788)
Attorney for Candace Hodges
615 Griswold, Suite #1120
Detroit, MI 48226
(313) 247-3265
Megoldberg2003@yahoo.com

Dated:  July 5, 2022

</div>

S/Adriana Dydell
Adriana Dydell (CA 239516)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9125
Adriana.Dydell@usdoj.gov

Dated: July 5, 2022

Marshall Goldberg (P35788)
Attorney for Candace Hodges
615 Griswold, Suite #1120
Detroit, MI 48226
(313) 247-3265
Megoldberg2003@yahoo.com

Dated: July 5, 2022